JOURNAL ENTRY AND OPINION
John Cilenti appeals from a judgment of the Domestic Relations Court which granted him a divorce from his ex-wife, Denise Cilenti, urging that the court improperly denied his motion for attorney fees, incorrectly imputed income to him, failed to consider the liquidity of certain marital assets, and erroneously ordered him to pay a portion of the Family Conciliation Services fee.
After examining the record and the applicable law, we modify the judgment and, as modified, affirm the judgment of the court.
The history of the case reveals that on January 17, 1995, John filed a complaint seeking a divorce from his spouse, Denise. In response, she sought reconciliation which the court granted, ordering her to pay the fees of Dr. Thomas Hall, an expert whom she had retained. At that time, however, the court provided that this expense would be presented at trial as a litigation expense. Thereafter, a magistrate heard the matter on December 5 and 9, 1996, January 30 and 31, February 5 and 7, and March 12 and 13, 1997, and on August 27, 1997, the magistrate filed its decision. On September 9, 1997. John objected to the decision, and on December 12, 1997, the court, after noting that he had not prepared or filed a transcript, overruled the objections, but modified the child support retroactive to June 10, 1997. Subsequently on March 25, 1998, the court granted the divorce and followed the magistrate's recommendation in that it ordered Denise to pay John $6,495 by means of a Qualified Domestic Relations Order which transferred funds from her TRW pension to John's TRW pension, and also required John to pay 28% of Dr. Thomas Hall's fee. John now appeals raising four assignments of error for our review.
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION FOR ATTORNEYS FEES.
John asserts the court abused its discretion when it denied his motion for attorney fees in connection with his motion to show cause alleging that since he prevailed on the motion and substantially complied with Dom. Rel. Loc. R. 21, he should be awarded attorney fees on that motion. Denise maintains that John is not entitled to attorney fees because his counsel failed to provide the court with an itemized statement of attorney fees as required by Dom. Rel. Loc. R. 21. The issue here then for our review concerns whether the court abused its discretion when it denied John's claims for attorney fees.
An award of attorney fees in a domestic relations action lies within the sound discretion of the trial court. Gullia v. Gullia
(1994) 93 Ohio App.3d 653, 661; citing Swanson v. Swanson
(1976), 48 Ohio App.2d 85.
The term "abuse of discretion" connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993),67 Ohio St.3d 108, 112; Martin v. Martin (1985), 18 Ohio St.3d 292,294-295; Blakemore v. Blakemore (1983) 5 Ohio St.3d 217,219.
In Oatey v. Oatey (1992), 83 Ohio App.3d 251, 263, the court stated:
 [A]n award of reasonable attorney fees must be predicated upon evidence submitted by the movant demonstrating reasonable value of actual services performed and itemized to the party pursuant to Dom. Rel. Loc. R. 21 (B)
 * * * Counsel for plaintiff presented a bill at the hearing for additional services in the amount of $24,970 based upon 51.3 hours at $250 per hour and 59.8 hours performed by an associate at $150 per hour. However, counsel for plaintiff offered no testimony concerning the "reasonableness" of any of the fees in the original or supplemental invoices. * * *
 * * * Under the circumstances, such an award improperly circumvents the requisite finding of the "reasonableness" of such an award pursuant to * * * Dom. Rel. Loc. R. 21. (Emphasis in original.)
Dom. Rel. Loc. R. 21 (B) states:
 (B) Evidence in Support of Motion. At the time of the final hearing on the motion or pleading that gives rise the request for attorney fees, the attorney seeking such fees shall present:
 (1) an itemized statement describing the services rendered, the time for such services, and the requested hourly rate for in-court time and out-of-court time;
 (2) testimony as to whether the case was complicated by any or all of the following:
(a) new or unique issues of law;
 (b) difficulty in ascertaining or valuing the parties' assets;
(c) problems with completing discovery;
 (d) any other factor necessitating extra time being spent on the case;
 (3) testimony regarding the attorney's years in practice and experience in domestic relations cases; and
 (4) evidence of the parties' respective income and expense, if not otherwise disclosed during the hearing.
Here, John sought attorney fees in connection with a motion to show cause arising from an incident wherein Denise had kicked him in violation of a court restraining order. The court granted the motion but denied attorney fees because no itemized statement of those attorney fees had been presented.
Although the record here does contain a general fee bill of about $7,000 and testimony related thereto, it is not specific as to the fees related to this motion. Based on this state of the record, we cannot conclude that the trial court abused its discretion in denying payment of these attorney fees. Accordingly, this assignment of error is overruled.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPUTED INCOME TO THE PLAINTIFF.
John alleges the court abused its discretion when it erroneously imputed income to John of $25,000 which resulted in excessive child and spousal support awards.
R.C. 3113.215 (A) (5) (a) defines "potential income" for a parent that the court determines is voluntarily underemployed to include:
 (a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, the prevailing job opportunities and salary levels in the community in which the parent resides * * *
Here, the magistrate's decision reveals that John received unemployment benefits annualized at $17,628, and that the parties had stipulated John's estimated relative earning ability at $43,447 (Joint Ex. 3). After noting that John had been employed full time with a previous level of compensation in the low $40,000 range and that no mental or physical impediment existed to prohibit John from working full time, the magistrate imputed annual income to him of $25,000 and based his $219.05 child support obligation on that amount. The trial court adopted this amount as child support in its decree of divorce. Based on this state of the record and in accord with R.C. 3113.215, we cannot say the court erred in this regard. Accordingly, this assignment of error is not well taken.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO TAKE INTO ACCOUNT THE RELATIVE LIQUIDITY OF VARIOUS ASSETS IN THE MARITAL ESTATE.
John alleges the court abused its discretion because it ordered Denise to transfer $6,495 from her TRW pension to John's TRW pension to eliminate a discrepancy in the property division because non-liquid asset or "future dollars" are worth less than liquid assets or "present dollars." Denise maintains that without the transcript, this court must presume the court made an equitable division of the marital property. Thus the issue here concerns whether the court erred when it divided the marital estate.
R.C. 3105.171 (C) (1) provides:
 * * * the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable.
The trial court has broad discretion to determine what is equitable upon the facts and circumstances of each case. Kunklev. Kunkle (1990), 51 Ohio St.3d 64. There are no set rules for determining the division of marital property. Cherry v. Cherry
(1981), 66 Ohio St.2d 348. In Baker v. Baker (1992), 83 Ohio App.3d 700, the court defined our scope of appellate review, stating in relevant part:
 A court should not review discrete aspects of the property division out of the context of the entire award. * * * A court should consider whether the trial court's disposition of marital property as a whole resulted in a property division which was an abuse of discretion.
Here in its judgment entry, the court ordered the division of assets as follows: for John: Vanguard IRA — $15,993, TRW Pension — $2,438; IAS Pension — $7,595; IAS 401 (K) — $18,343; TRW Credit Union — $96; Garfield Hts. Credit Union — $575; and Savings Bond Redeemed — $550 for a total of $45,540; and for Denise: TRW ESOP — $35,497; TRW Pension — $13,000; 5/3 Certificate of Deposit — $5,457; Franklin Templeton — $1,328; and Savings Bond Redeemed — $2,148 for a total of $57,430. To equalize the inequity, the court ordered Denise to transfer $6,495 from her TRW Pension to John by means of a Qualified Domestic Relations Order.
Based on our review of the division of property, we have concluded that in accordance with R.C. 3105.171, the division is equalized, and we should not review aspects of a property division out of the context of the entire award. Here, the court did not abuse its discretion when it ordered Denise to transfer $6,495 from her TRW pension account to John. Accordingly, this assignment of error is overruled.
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ORDERED DR. HALL'S FEES TO BE PAID BY BOTH PARTIES.
John, citing Dom. Rel. Loc. R. 17 (C), asserts that the court erred when it ordered him to pay 28% of Dr. Hall's fee because he did not issue a subpoena for Dr. Hall, and in its earlier journal entry of November 16, 1996, the court required Denise to pay Dr. Hall's fee in full. Denise argues that the court's journal entry reserved the matter of payment for later review. Here, we now consider whether the court erred in ordering John to pay a portion of Dr. Hall's fees.
Dom. Rel. Loc. R. 17 (C) (1) and (2) state in part:
 (1) * * * Unless otherwise expressly provided in the order of referral, the party seeking such referral shall pay the costs for any services provided the parties.
 (2) * * * Any party desiring the presence of the preparer of the report at hearing shall issue a subpoena therefor and shall pay any fees connected with such attendance at hearing. (Emphasis added.)
A careful examination of the record reveals that the court in its entry referred the parties to Family Conciliation Services. However, the record reflects this referral terminated on December 4, 1995 due to withdrawal by one or both parties.
The record further reflects that on January 16, 1996, Denise retained the services of Dr. Hall to prepare an independent custody/visitation evaluation and that she subpoenaed him as a witness in the proceeding before the magistrate. At the time Denise retained Dr. Hall, the court ordered Denise to pay his fee but also stated that this expense "will be presented at final trial as an expense of litigation." At the hearing of this matter, the magistrate ordered Denise to pay 71% and John to pay 28% of Dr. Hall's fee. Based on Dom. Rel. Loc. R. 17 (C), however, this fee should have been borne by Denise, not shared between the parties. This, in my view, is not a discretionary matter for Domestic Relations Court to consider because the rule uses the mandatory "shall" language nor does the court have discretion to allocate the fee, and, in this case, the court did not reserve a final decision for trial, but, rather incorrectly in my view, expressed its intention to consider these fees as a litigation expense.
Accordingly, I believe this assignment of error is well taken and I would modify this part of the order to require Denise to pay the expenses of the expert she retained.
Judgment accordingly.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO W SPELTACY. J. CONCURS with Assignments of Error I, II, and III, but dissents from Assignment of Error W.
JAMES D. SWEENEY, J., CONCURS with Assignments of Error I, II, and III, but dissents by opinion from Assignment of Error W. _________________________ PRESIDING JUDGE TERRENCE O'DONNELL