OPINION
Defendant-appellant, Rebecca Fryman, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, terminating her marriage to plaintiff-appellee, David Fryman, dividing the parties' assets and liabilities, and awarding spousal support.
Rebecca and David were married on May 13, 1981. During the marriage, the parties accumulated assets including a home, two vehicles and a travel trailer, as well as household goods and personal items. David filed a complaint for divorce on February 1, 1999. A hearing was held before the trial court on July 26, 1999, and continued to August 24, 1999. The trial court issued a decision on October 4, 1999. Rebecca filed a motion for reconsideration which was granted in part, and the trial court issued an amended decision on November 17, 1999. Rebecca filed another motion for reconsideration which was denied by the trial court. Rebecca then filed a request for findings of fact and conclusions of law which was denied by the trial court.
The trial court awarded Rebecca the marital home, one vehicle, and her items of personal property. Rebecca was ordered to assume the first and second mortgages on the home, and to pay David his share of the home's equity. Rebecca was also awarded spousal support of $83.50 per month for a period of five years. The trial court awarded David one vehicle, the travel trailer, which was found to have no equity, and his personal items. The trial court ordered David to assume the liens against the travel trailer and the vehicle he was awarded. The parties were ordered to divide the remaining household items by alternating selection. Rebecca appeals, raising three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN ITS DETERMINATION OF HUSBAND'S SEPARATE PROPERTY.
 In her first assignment of error, Rebecca alleges that the trial court's decision awarding certain items to David as his separate property is not supported by the evidence.
When dividing property in a divorce proceeding, the trial court is required to classify assets as marital or nonmarital and then award each spouse his or her separate, nonmarital property. R.C. 3105.171(B), (D). The trial court's characterization of property as separate or marital will not be reversed on appeal absent an abuse of discretion. Peck v.Peck (1994), 96 Ohio App.3d 731, 734. More than an error in judgment or law, an abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In the present case, both parties presented the trial court with exhibits listing marital items and items of separate property. The lists do not conflict on any single item. The trial court compiled its own detailed list of property at issue and designated each item as either marital property to be divided, or as separate property belonging to one of the parties individually. The trial court awarded to Rebecca all twenty-three items on her list of separate property. Likewise, the trial court awarded to David each of the eleven items on his list of separate property. As well, the trial court awarded numerous other items to David which he testified at trial were his separate property. Rebecca's testimony refuted the separate nature of several of the items awarded to David.
Given the conflicting nature of the evidence presented to the trial court, we cannot conclude that the trial court's determination of the parties' separate and marital property was so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. See Blakemore at 218. Accordingly, the first assignment of error is overruled.
Assignment of Error No. 2:
THE TRIAL COURT ERRED IN DIVIDING MARITAL PROPERTY.
 The trial court is vested with broad discretion in fashioning an equitable division of marital property. Donovan v. Donovan (1996), 110 Ohio App.3d 615, 620. In fashioning an equitable property division, the trial court should start from the premise that marital property should be divided equally between the parties. R.C. 3105.171(C),(D). The trial court is further required to consider the relevant factors in R.C. 3105.171(F), as well as any other factor it finds relevant to an equitable distribution. R.C. 3105.171(F)(9).
A reviewing court "should not review discrete aspects of the property division out of context of the entire award." Baker v. Baker (1992),83 Ohio App.3d 700, 701, citing Briganti v. Briganti (1984),9 Ohio St.3d 220. Instead, a reviewing court should consider whether the trial court's disposition of marital property as a whole resulted in a property division that was an abuse of discretion. Id. A reviewing court may modify a property division only if it finds that the trial court abused its discretion by dividing the property as it did. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355.
Rebecca first contends that the trial court erred in its allocation of the home mortgage interest deduction. Rebecca argues that the value of the deduction is the resulting tax reduction, $701.10, not the actual amount of the deduction.
During 1998, the parties paid $4,694 in real estate interest. Rebecca utilized the entire amount of real estate interest for the taxable year 1998 when preparing her 1998 federal tax return even though both parties resided in the marital home for the entire year. The trial court considered the deduction as an asset, and found that David was entitled to "one-half of the value of the home mortgage interest deduction." The court ordered that Rebecca retain the entire value of the deduction, stating that it "purposefully awarded the value of this asset in this manner as an offset against other assets [David] is to retain."
Viewed in the context of the entire property division, we cannot find that the trial court's allocation of the mortgage interest deduction constitutes an abuse of discretion. The trial court was provided with Rebecca's 1998 tax return which indicates the benefit received as a result of the deduction, and a review of the hearing transcript indicates that the trial court was aware of the tax implications of the deduction. The trial court specifically awarded the deduction to Rebecca as an offset against property awarded to David. Considering the property division in its entirety, we find that the trial court acted within its discretion when allocating the deduction.
Rebecca next contends that the trial court erred in its valuation of the travel trailer.
Neither party entered exhibits to establish the value of the travel trailer, or the amount of the loan against it. David testified that the trailer had a fair market value of $8,900 and that it was encumbered by an $11,000 loan. Rebecca testified that she removed many items from the trailer, including a TV/VCR, mattress, and wheel covers, and that she damaged the trailer in the process of removing these items. The trailer was apparently further damaged in the process of returning it to David. Rebecca offered no testimony as to the trailer's value, and neither party offered evidence to indicate the dollar value of the damage done to the trailer. The trial court found that the trailer's value was a deficiency of $10,000, and awarded the trailer and the accompanying debt to David.
Based on a review of the evidence presented, and viewing the property division in its entirety, we cannot find that the trial court's valuation of the trailer constitutes an abuse of discretion. Accordingly, the second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN ITS DETERMINATION OF SPOUSAL SUPPORT.
 In her final assignment of error, Rebecca contends that the trial court's award of spousal support was arbitrary and unsupported by findings of fact and conclusions of law.
R.C. 3105.18(C)(1) sets forth fourteen factors the court must consider in determining if spousal support is appropriate and reasonable. However, a trial court has broad discretion to determine the proper amount and duration of spousal support based on the facts and circumstances of each case. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67. Accordingly, a trial court's award of spousal support will not be disturbed absent an abuse of discretion. Id.
In its decision, the trial court states that the spousal support award was made upon consideration of the factors of R.C. 3105.18(C). When a trial court indicates that it has reviewed the appropriate statutory factors, there is a strong presumption that the factors were indeed considered. Babka v. Babka (1992), 83 Ohio App.3d 428, 435. Based on this presumption, and our review of the record, we do not find that the trial court abused its discretion in its award of spousal support. Accordingly, the third assignment of error is overruled.
POWELL, P.J., and KERNS, J., concur.
 Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV
of the Ohio Constitution. __________ YOUNG, J.