OPINION
{¶ 1} Defendant-appellant, John Poptic, appeals the decision of the Butler County Common Pleas Court, Domestic Relations Division, regarding child support and property division in a divorce action. Plaintiff-appellee, Valerie Poptic, filed a cross-appeal concerning the termination date of the marriage and property division. We affirm in part and reverse in part the trial court's decision.
 {¶ 2} Appellant and appellee were married on May 22, 1982. Four children were born of the marriage, one of whom is now emancipated. Appellant and appellee own a home in California, which they rent out, as well as a home in West Chester in which they reside.
 {¶ 3} Appellee has filed for divorce on two prior occasions. The second divorce proceeding was dismissed without prejudice by the trial court on April 10, 2000. Appellee refiled for divorce on April 13, 2000. Following hearings held in February 2002, the trial court rendered its decision on June 10, 2002. The judgment entry and decree of divorce was filed on August 5, 2002. Appellee filed a motion to clarify to which appellant responded. The trial court rendered its decision on the motions on August 8, 2002.
 {¶ 4} Appellant appeals from the trial court's decision raising five assignments of error. Appellee has filed a cross-appeal raising three assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The trial court abused its discretion in failing to enforce the separation agreement."
 {¶ 7} Appellant contends that he entered into a binding separation agreement with appellee on April 10, 2000 during their second divorce proceeding. R.C. 3195.10(B)(2) provides that "[a] separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the motion of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the separation agreement." (Emphasis added.)
 {¶ 8} The decision to enforce a separation agreement is a discretionary one and such decision will not be reversed on appeal absent an abuse of discretion. Wittmeyer v. Wittmeyer (May 24, 1999), Brown App. No. CA98-08-026. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218-219.
 {¶ 9} The transcript for the April 10, 2000 hearing indicates that appellant and appellee entered into a mediation agreement which included "a shared parenting plan, divorce decree, judgment entry, decree of divorce and a signed separation agreement." Appellee had filed a motion to dismiss the divorce case and mediation agreement, which the trial court granted. However, the parties returned to the courtroom and stated that they were ready to go forward. The trial court asked appellant, "Now do you agree to those terms only because you feel pressured into getting this over today?" Appellant replied, "Of course." The trial court then stated that it was not going to approve the agreement and dismissed the divorce case without prejudice on April 10, 2000.
 {¶ 10} Appellant later filed a motion to enforce the settlement agreement during the parties' third and final divorce proceeding. The trial court stated that "I am denying your motion to enforce (the separation agreement). The reason it was dismissed before is because he (appellant) indicated on the record in court that it wasn't voluntary and he is not in a position at this point to say that it is voluntary."
 {¶ 11} We find the trial court did not abuse its discretion in denying appellant's request to enforce the separation agreement where appellant stated that he felt pressured. It was not unfounded for the trial court to conclude that because appellant felt pressured to enter the agreement that he had not voluntarily entered into it. Accordingly, appellant's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The trial court abused its discretion in imputing $35,000.00 income to defendant for purposes of computing child support."
 {¶ 14} Appellant argues that the trial court made no finding that he was unemployed or underemployed. He also contends that the trial court made no finding of his ability to earn the trial court's imputed income of $35,000 a year.
 {¶ 15} R.C. 3119.01(C)(5)(b) defines income for the calculation of child support as, "For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent." Potential income considerations for the imputation of income includes among other things: the parent's prior employment; the parent's education; the parent's physical and mental disabilities; the availability of employment in the geographic area in which the parent resides; the prevailing wage and salary levels in the geographic area; the parent's special skills and training; the age and special needs of the children; evidence that the parent is able to earn the imputed income; and any other relevant factor. See R.C. 3119.01(C)(11)(a)(i)-(x).
 {¶ 16} Whether appellant is voluntarily unemployed or underemployed is a question of fact for the trial court and absent an abuse of discretion, the determination will not be reversed on appeal. Rock v.Cabral (1993), 67 Ohio St.3d 108, 112.
 {¶ 17} The trial court found that appellant had not been gainfully employed since 1993. It also related that appellant had a college degree, but chose to work as a carpenter. It noted that appellant stated he had obtained a carpenter job the week before the trial for $15 an hour, although he could not supply the homeowner's name or the address of the property. There was testimony by appellee that appellant had earned between the "high 40's to low 50's" prior to 1993 as a "civil engineer surveyor/carpenter." Appellant's federal tax returns provided to the court for the years 1993 through 1998 list appellant's occupation as a civil engineer or engineer.
 {¶ 18} Accordingly, appellant's second assignment of error is overruled as the trial court did not abuse its discretion by imputing $35,000 income to appellant for use in calculating his child support obligation.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "The court abused its discretion in failing to determine the issue of appellant's child support arrearage."
 {¶ 21} The trial court found a child support arrearage of $2,892.96 in its decision. It then reserved that figure pending its decision on appellee's motion to clarify. In her motion to clarify, appellee did not argue that the figure was incorrect as to the 2000 arrearage. Instead, she argued that the trial court did not include the amount in arrears for 2002. Appellant in his answer to appellee's motion to clarify asked the trial court "to reserve the issue of arrearage and request the CSEA prepare an audit of the account after the Decree of Divorce is filed."
 {¶ 22} In its decision on the motion to clarify, the trial court stated, "The CSEA shall prepare an audit and calculate the arrearages in child support and report the same to this court within 30 days." The Child Support Enforcement Agency ("CSEA") conducted its audit and found that appellant was in arrears $2,892.96 as of June 10, 2002, and $1,338.95 for the period beginning June 11, 2002 and ending July 31, 2002. Appellant maintains that the CSEA report "does not comply with the court's mandate set forth in the Divorce Decree to determine the arrearage * * *." He argues that the trial court never determined by audit whether the $2,892.96 figure was a proper amount.
 {¶ 23} We agree with appellant's argument. It appears from the CSEA audit worksheet that CSEA did not conduct a new calculation of the arrearage as ordered by the trial court for the time period between the date of the original child support order and June 10, 2002, but simply inserted the $2,892.96 figure. The CSEA worksheet for the time period after June 10, 2002 does contain calculations. Therefore, we conclude that CSEA did not perform an audit of the arrears owed by appellant as instructed by the trial court.
 {¶ 24} Accordingly, appellant's third assignment of error is sustained and this cause is remanded to the trial court for it to order CSEA to perform the audit for the time period between the date of the original order for child support and June 10, 2002, so that the trial court may enter its decision concerning the amount owed by appellant on arrears. Appellant's third assignment of error is sustained.
 {¶ 25} Assignment of Error No. 4:
 {¶ 26} "The trial court abused its discretion in ordering the california property to be listed for sale."
 {¶ 27} Appellant maintains that the trial court did not consider the adverse tax consequences of ordering the California property to be sold. He argues that the trial court did not consider the expenses that will be incurred in selling the property.
 {¶ 28} The trial court is vested with broad discretion in fashioning an equitable division of marital property. Donovan v. Donovan
(1996), 110 Ohio App.3d 615, 620. It is left to the trial court to determine what is equitable based upon the facts and circumstances of each case. Hermann v. Hermann (Nov. 6, 2000), Butler App. Nos. CA99-01-006 and CA99-01-011, citing Cherry v. Cherry (1981),66 Ohio St.2d 348.
 {¶ 29} A reviewing court may modify or review a property division only if it finds that the trial court abused its discretion in dividing the property as it did. Id.
 {¶ 30} R.C. 3105.171(F) provides:
 {¶ 31} "In making a division of marital property * * * under this section, the court shall consider all of the following factors:
 {¶ 32} "(1) The duration of the marriage;
 {¶ 33} "(2) The assets and liabilities of the spouses;
 {¶ 34} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 35} "(4) The liquidity of the property to be distributed;
 {¶ 36} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 37} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 38} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 39} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 40} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 41} Appellant and appellee own a home in California that they rent out. Appellee testified that she wished the property sold, while appellant testified that he wanted to retain ownership of the property. Appellant testified that the property had an appraised value of approximately $305,000 while appellee presented evidence that an appraiser had valued the property at $370,000.
 {¶ 42} Appellant provided the trial court with evidence that the property had an estimated selling price of $260,000 in 1999 with a net liquidation value of $91,756. There is further evidence that in 2002 the property, at a selling price of $305,000, had a net liquidation value of $129,945.
 {¶ 43} Appellant and appellee also owned a home in West Chester where they resided. The trial court found it equitable to award the West Chester home to appellee and to sell the California property. However, the trial court awarded appellant his share of the equity in the West Chester home from the proceeds of the sale. The trial court then ordered an equal division of the balance of the net proceeds from the sale of the California property.
 {¶ 44} We find no abuse of discretion in the court ordering the sale of the property. In divorces, property must sometimes be liquidated. The actual tax consequences are speculative since the property has not been sold. Appellant's reliance on Farley v. Farley
(Aug. 31, 2000), Franklin App. Nos. 99AP-1103 and 99AP-1282, is misplaced as in that case evidence was produced that one of the parties would carry a disproportionately higher capital gains tax burden. No evidence was presented regarding this concern in the present case.
 {¶ 45} In the interest of equity, appellee should receive her share of the marital property. Appellant has not shown that the speculative tax consequences would render the property valueless. To the contrary, the property may have a net liquidated value of as much as $129,945 according to appellant's own evidence. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 46} Assignment of Error No. 5:
 {¶ 47} "The trial court abused its discretion in failing to equitably divide the california residence equity, capital gain tax liabilities, and to reserve jurisdiction."
 {¶ 48} Appellant asserts that the trial court "failed to allocate the capital gains tax." He also argues that the trial court erroneously failed to retain jurisdiction of the sale of the property as to the logistics of selling the property. Finally, he asserts that the trial court's decision allows appellee to receive a greater financial benefit because of his continued payment on the California mortgage until its sale.
 {¶ 49} "A Court of Common Pleas has broad discretion to determine what property division is equitable in a divorce proceeding." Cherry,
66 Ohio St.2d at paragraph two of the syllabus. A reviewing court may modify or review a property division only if it finds that the trial court abused its discretion in dividing the property as it did. Hermann, Butler App. Nos. CA99-01-006 and CA99-01-011. "The mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." Cherry, 66 Ohio St.2d at paragraph two of the syllabus.
 {¶ 50} We found in the previous assignment of error that the trial court did not abuse its discretion in allocating the tax consequences as appellant has not produced evidence that he will bear a disproportionate burden of the speculative tax. See Farley, Franklin App. Nos. 99AP-1103 and 99AP-1282. Accordingly, the trial court did not abuse its discretion as to this issue.
 {¶ 51} Appellant's contention that the trial court has not reserved jurisdiction over the sale of the California property is without merit. Appellant has not supported this contention with any citations to appropriate authorities or statutes. See App.R. 16(A)(7). However, we have thoroughly reviewed the record. We see no abuse of discretion by the trial court in not reserving jurisdiction as to the logistics of selling the property.
 {¶ 52} Appellant's final contention concerning the equity that the parties will receive upon the sale of the California property is without merit. The trial court valued the West Chester property at $185,000, with equity of $77,549. The trial court ordered that appellee pay appellant $38,774.50 for his share of the equity out of the net value received for the sale of the California property. The parties were ordered to split the balance of the net proceeds.
 {¶ 53} In the decision on the motion to clarify, the trial court held that appellant was to receive the rental income from the California property and be solely responsible for its expenses pending its sale. Appellant argues that this decision allows appellee to receive an inequitable amount of the equity resulting from the pending sale of the California property as he is continuing to pay the California mortgage payments.
 {¶ 54} Appellant's contention is without merit as the evidence presented at the hearing demonstrated that the rental income he receives from the property is greater than the mortgage payments. Moreover, the mere fact that this may be unequal does not mean that the trial court abused it discretion. Cherry, 66 Ohio St.2d at paragraph two of the syllabus. We find no abuse of discretion in the trial court's decision to divide the property as it did. Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 55} Appellant's Motion:
 {¶ 56} "Appellant's request to correct or modify the record pursuant to appellate rule 9(e)."
 {¶ 57} As pointed out by appellant for the first time in his brief, the February 26, 2002 transcript is incomplete. Its transcription of the recording of the proceedings stops in the midst of appellant's testimony and says "and thereupon, failure of recording — no more testimony to transcribe."
 {¶ 58} Buried within appellant's brief, appellant asks this court to order the trial court to supplement the record because of the above omission. He has not described how the missing testimony pertains to any of his assignments of error. Further, the correct procedure to follow when the transcript is unavailable is provided for in App.R. 9(C), which appellant has not followed. See City of Bellfontaine v. Brentlinger (Aug. 11, 1993), Logan App. No. 8-93-6. Accordingly, appellant's motion is denied.
 {¶ 59} In conclusion, with regards to appellant's assignments of error, we overrule the first, second, fourth and fifth assignments, and sustain the third. Appellant's delayed motion to supplement the record is denied.
 {¶ 60} Assignment of Error No. 1 on Appellee's Cross-Appeal:
 {¶ 61} "The trial court abused it [sic] discretion by rejecting cross-appellant/wife's contention that the de facto termination of the marriage in august, 1999 should have been used as the valuation date for the marital assets of the parties."
 {¶ 62} Appellee argues that the trial court should have used August 19, 1999 as the de facto termination date of the marriage.
 {¶ 63} Pursuant to R.C. 3105.171(A)(2)(a), the phrase "during the marriage" is presumed to run from the date of the marriage through the date of the final divorce hearing. However, if the trial court determines that the use of either or both of these dates would be inequitable, then "the court may select dates that it considers equitable in determining marital property." R.C. 3105.171(A)(2)(b).
 {¶ 64} "The decision to use another alternative date pursuant to R.C. 3105.171(A)(2)(b) is discretionary and will not be reversed on appeal absent an abuse of discretion." Doerman v. Doerman, Butler App. No. CA2001-03-071, 2002-Ohio-3165, ¶ 61, citing Schneider v.Schneider (1996), 110 Ohio App.3d 487, 493. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore,5 Ohio St.3d at 218 and 219.
 {¶ 65} The trial court chose March 9, 2001, as the de facto termination date of the marriage for determining the valuation of the parties' accounts. March 9, 2001 is the date of the parties' pretrial. Appellee argues that the parties separated as of August 19, 1999 and therefore that should be the date used for the de facto termination date.
 {¶ 66} As the trial court found, the parties had separated in 1995 and then reconciled in 1996. The trial court noted that the parties separated their investment accounts in 1995, and maintained separate accounts after their 1996 reconciliation. Appellee has filed for divorce on two prior occasions. As such, the trial court had many dates from which to choose as the de facto termination date of the marriage. Accordingly, we find that using the pretrial date as the de facto termination of the marriage was not an abuse of discretion. Appellee's first cross-assignment of error is overruled.
 {¶ 67} Assignment of Error No. 2 on Appellee's Cross-Appeal:
 {¶ 68} "Appellant committed financial misconduct and the trial court erred by failing to make a distributive award to appellee/wife."
 {¶ 69} Appellee argues that appellant committed financial misconduct by depleting $76,000 from his savings account between August 1999 and March 9, 2001.
 {¶ 70} R.C. 3105.171(E)(3) allows the trial court to confer a greater award of marital property or a distributive award to one spouse if the other has engaged in financial misconduct. But, the trial court is vested with broad discretion in establishing an equitable division of marital property in a divorce action. Middendorf v. Middendorf,82 Ohio St.3d 397, 401, 1998-Ohio-403. We may modify a property division only upon a finding that the trial court abused its discretion in dividing the property as it did. Cherry, 66 Ohio St.2d at 355.
 {¶ 71} Appellee maintains that appellant depleted $76,000 from their savings accounts. However, appellant testified that he used this money to pay for his living expenses, child support payments, court costs and $20,000 for improvements on the California property. Appellant had been unemployed since 1993 and so has had no income to pay for his living expenses. We agree with the trial court's comment on his unemployed status that "Although Mrs. Poptic complained bitterly about Mr. Poptic's failure to be gainfully employed * * *, she tolerated that situation for seven years."
 {¶ 72} Hence, we find the trial court did not abuse its discretion in not finding that appellant committed financial misconduct. As stated earlier, the mere fact that this may seem unequal does not make it an abuse of discretion. Cherry, 60 Ohio St.2d at paragraph two of the syllabus. Appellee's second cross-assignment of error is overruled.
 {¶ 73} Assignment of Error No. 3 on Appellee's Cross-Appeal:
 {¶ 74} "The trial court erred by failing to have cross-appellee/husband account for the rental income of the california property."
 {¶ 75} The trial court is vested with broad discretion in establishing an equitable division of marital property in a divorce action. Middendorf, 82 Ohio St.3d at 401. "Appellate courts should not review discrete aspects of the property division out of context of the entire award." Baker v. Baker (1992), 83 Ohio App.3d 700, 701-02. Instead, we should consider whether the trial court's disposition of marital property as a whole results in an inequitable property division. Id. We may modify a property division only upon a finding that the trial court abused its discretion in dividing the property as it did. Cherry,66 Ohio St.2d at 355.
 {¶ 76} Appellee asserts that the trial court erred in not forcing appellant to account for the rental income for the California property. Appellant testified that a majority of the rental income went to pay the mortgage for that property as well as to make improvements on that property. In its decision, the trial court noted that both parties made expenditures improving the West Chester and California properties. Further, appellee was responsible for the West Chester property mortgage, while appellant was responsible for the California property mortgage. The trial court noted that each party wanted to be reimbursed for their contributions to the properties, but that "the Court finds it equitable to simply divide the equity in those properties as it stands today without deduction for separate contributions."
 {¶ 77} After thoroughly reading the record, we find no error in the trial court's decision. The trial court has not abused its discretion. Accordingly, appellee's third cross-assignment of error is overruled.
 {¶ 78} Judgment affirmed in part, and reversed in part and remanded for further proceedings.
Young and Powell, JJ., concur.