BAKER, Appellant,

v.

BAKER, Appellee.

[Cite as *Baker v. Baker* (1992), 83 Ohio App.3d 700.]

Court of Appeals of Ohio,
Summit County.

No. 15561.

Decided Nov. 18, 1992.

*James R. Ranftl,* for appellant.

*Charles E. Grisi,* for appellee.

CACIOPPO, Judge.

Plaintiff-appellant, Rand Baker, and defendant-appellee, Dianne Baker, were married in 1984. One child was born during their marriage in 1988. Both parties filed for divorce. The cases were consolidated and a trial took place in 1991. The trial court granted the divorce on December 27, 1991. Rand appeals, asserting six assignments of error. We affirm.

 In each assignment of error, appellant asserts that the trial court abused its discretion when dividing the property. The trial court has broad discretion in fashioning an equitable division of marital property. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 482, 450 N.E.2d 1140, 1141. A reviewing court may modify or review a property division only if it finds that the trial court abused its discretion in dividing the property as it did. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355, 20 O.O.3d 318, 322, 421 N.E.2d 1293, 1299. Abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore,* 5 Ohio St.3d at 219, 5 OBR at 482, 450 N.E.2d at 1142.

 Rigid rules to determine value cannot be established, as equity depends on the totality of the circumstances. *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 221–222, 9 OBR 529, 530–532, 459 N.E.2d 896, 897–898; *Mainzer v. Mainzer* (May 16, 1990), Summit App. No. 14387, unreported at 4, 1990 WL 66929. A court should not review discrete aspects of the property division out of the context of the entire award. *Briganti,* 9 Ohio St.3d at 222, 9 OBR at 531, 459 N.E.2d at 898; *Day v. Day* (1988), 40 Ohio App.3d 155, 532 N.E.2d 201; *Mainzer, supra.* A court should consider whether the trial court's disposition of marital property as a whole resulted in a property division which was an abuse of discretion. *Mainzer, supra.*

## Assignment of Error No. I

"The Trial Court errored [*sic*] in treating the entire property located at 493 Sumner as a marital property when in fact Appellant owns only a 50% interest in this property."

Appellant asserts in his first assignment of error that the trial court erred by treating the property located at 493 Sumner as marital property. Rand asserts that the evidence demonstrates that he is only a fifty percent owner of this property. We do not agree.

The evidence presented to the court indicated that Rand bought the property and placed the property in his name and his son's (from a prior marriage) name. After the purchase, Rand's son lived in the property rent-free. Rand's son paid nothing toward the purchase of the property. Given this evidence, the trial court did not abuse its discretion in determining that the property was marital property. See R.C. 3105.171(D) and (H). The first assignment of error is not well taken.

## Assignment of Error No. II

"The Trial Court errored [*sic*] in failing to find the joint mortgage for $13,800.00 to be a marital debt and in failing to consider the debt in the division of assets."

Appellant asserts in his second assignment of error that the court erred by not finding that a joint mortgage for $13,800 was a marital debt and failing to consider the debt in the division of assets. We do not agree with appellant's contentions.

The trial court considered the $13,800 mortgage when it determined the marital equity in the home in question. The mortgage reduced the amount of increase in equity which could be attributed to the marriage. Therefore, the court did consider the joint mortgage in reaching its decision. The court did not abuse its discretion. The second assignment of error is not well taken.

## Assignment of Error No. III

"The Trial Court errored [*sic*] in determining the Appellee was entitled to a portion of the appreciation in Appellant's separate property located at 388 Allyn Street and 955 Annapolis Street."

Appellant asserts in his third assignment of error that the trial court erred by determining that appellee was entitled to a share of the appreciation in appellant's separate property. We do not agree.

■ Appellant's argument centers around two properties. The first, 388 Allyn, was a rental property. Appellee presented evidence to the trial court that she performed substantial work, in the form of improvements, to the property. Appellee's contributions included insulating the house, staining kitchen cabinets, installing drop ceiling tiles, cleaning, and lawn maintenance. These services performed by appellee were sufficient to allow the trial court to determine that appellee had contributed to the appreciation of the property. R.C. 3105.-171(A)(3)(a)(iii).

■ The second property, 955 Annapolis, was the parties' marital home. The home was owned jointly by appellant with his two brothers. The evidence presented to the court demonstrated that appellee worked to improve the residence. The evidence presented was sufficient to support the trial court's decision to apportion the appreciation. *Id.*

The evidence presented to the trial court supports the court's finding that appellee contributed to the appreciation of the properties. Accordingly, the trial court did not abuse its discretion in finding that appellee was entitled to a portion of the appreciation of the properties. The third assignment of error is not well taken.

### Assignment of Error No. IV

"The Trial Court errored [*sic*] in using an averaging method to determine the marital appreciation in the properties located at 955 Annapolis Street and 388 Allyn Street where no evidence was presented as to the value of the properties as of the date of marriage."

■ Appellant asserts in his fourth assignment of error that the trial court abused its discretion by using an averaging method to determine the marital appreciation of two properties where no evidence was presented as to the value of the properties as of the date of the marriage. Although the method selected by the trial court may not have been the best method, the court did not abuse its discretion in applying this method where only two properties were involved. Any prejudicial effect is further limited by the fact that the value used for 388 Allyn was the purchase price of the property only months prior to the marriage. Finally, looking at the property division as a whole, the trial court's disposition was equitable and was not an abuse of discretion. R.C. 3105.171(C)(1); *Mainzer, supra.* The fourth assignment of error is not well taken.

### Assignment of Error No. V

"The Trial Court errored [*sic*] in failing to consider the potential tax obligations and costs of sale associated with the real estate and for failing to reduce the values accordingly."

▉ Appellant asserts that the trial court abused its discretion by failing to consider tax obligations and other selling costs in the property valuation. We do not agree.

Appellant testified to his strong desire to keep all the rental properties he had acquired. Appellant further testified that he intended to retire from his current job and manage his rental properties on a full-time basis. In short, appellant clearly indicated that he would not sell these properties in the foreseeable future. Given this evidence, the trial court did not abuse its discretion by not considering potential tax obligations and other costs of sales in valuing the properties.

The fifth assignment of error is not well taken.

### Assignment of Error No. VI

"The Trial Court errored [sic] in finding the total value of the marital assets to be $153,771.00."

Appellant asserts in his final assignment of error that the trial court abused its discretion in valuing the marital assets. We do not agree.

After reviewing the trial court's valuation of property, including appellant's assigned errors, we find that the trial court did not abuse its discretion in valuing the property. In reviewing the trial court's division, we remain mindful that rigid rules to determine value cannot be established, as equity depends on the totality of the circumstances. *Briganti,* 9 Ohio St.3d at 220, 9 OBR at 530, 459 N.E.2d at 896–897. Considering the trial court's valuation and disposition as a whole, we find that the trial court did not abuse its discretion. *Mainzer, supra.*

The sixth assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.