OPINION
STATEMENT OF THE FACTS AND CASE
Husband and wife were married on September 28, 1991, in Canton, Ohio. Two children were born as issue of said marriage, to wit: Kelsey (DOB 5/16/93) and Adam (DOB 5/5/95). On April 14, 1999, husband filed a Complaint for Divorce in the Stark County Court of Common Pleas, Domestic Relations Division. Wife filed a timely answer and counterclaim for divorce.
This matter came on for hearing before the trial court on May 1, 2000.
Husband and wife were the only witnesses to testify at the hearing on May 1, 2000. At said hearing, the parties testified regarding the financial aspects of the action. Relevant to this appeal, husband testified he learned wife had caused a $9,000 debt to be incurred on a Key Bank Visa card in husband's name only, which he kept solely for "emergencies." Upon discovering the debt, husband questioned wife about it. Wife explained she changed the mailing address of the credit card from their residence to a post office box and would cash the convenience checks which came in the mail. Husband also learned wife had withdrawn $3,000 from husband's credit union account.
Wife testified she handled the parties' finances, including banking and bookkeeping, from 1991, until the marital difficulties began. Wife acknowledged the credit card debt in the amount of $18,041.11, but explained financial difficulties forced her to use cash advances from the credit cards in order to pay medical bills, groceries, and utility bills. Wife claimed she did this in order to avoid arguments with husband over their finances. On cross-examination, wife admitted four of the five credit cards, upon which the debt was incurred, were in her individual name only. Wife admitted she took cash advances on husband's Key Bank Visa card. Wife also admitted she changed the mailing address of the Key Bank Visa to a post office box, but never advised husband of this change.
At the conclusion of the hearing, the trial court announced its decision on the record. The trial court granted the parties' divorce upon the ground of incompatibility. The court awarded custody of the two minor children to husband. The court ordered the parties' real and personal property, except for certain pension and savings plans, and vehicles, be sold at public auction. The proceeds of the sale were to be disbursed to pay the costs, commissions, and advertising of the sale as well as the payment of the parties' outstanding debts. However, the court ordered wife to be solely responsible for the $18,041.11 in credit card debt. The trial court memorialized its rulings in a Judgment Entry filed May 2, 2000.
Appellant-wife appealed this judgment. This Court affirmed the trial court's decision and vacated only the portion of the trial court's judgment entry which dealt with the division of marital property, and remanded the matter to the trial court for further proceedings consistent with law and this opinion.
Upon remand, the trial court held an informal status conference with counsel, with counsel for parties submitting written briefs to the court in support of their respected positions concerning the division of marital property by the trial court.
By Judgment Entry of April 9, 2001, the trial court incorporated the May 8, 2000, Judgment Entry/Decree for Divorce Judgment Entry which characterized the $18,041.11 in credit card debt as non-marital property for which Appellant-wife was to be responsible. Said April 9, 2001, Judgment Entry also adopted, in its entirety, Appellee-husband Barry J. Wright's brief in support of distributive award and Motion for Order Distributing Sale Proceeds.
It is from this April 9, 2001, Judgment Entry that Appellant-wife, Michele R. Wright, appeals, raising the following sole assignment of error:
 ASSIGNMENT OF ERROR THE TRIAL COMMITTED REVERSIBLE ERROR IN NOT DIVIDING THE PARTIES' MARITAL ASSETS AND DEBTS EQUALLY.
 I.
In her sole assignment of error, Appellant-wife contends the trial court abused its discretion in classifying marital debt as wife's personal debt, resulting in an unequal distribution of marital property. Specifically, wife takes issue with the trial court's ordering her to pay $18,041.11 in credit card debt, which the trial court classified as non-marital property, despite the fact it was incurred during the marriage.
A trial court is vested with broad discretion when fashioning its division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609. As a general rule, the law requires that marital property be divided equally. See, R.C. 3105.171(C)(1). If, however, an equal division would produce an inequitable result, the property of the parties must be divided in such a way as the domestic relations court determines to be equitable. R.C. 3105.171(D); Baker v. Baker (1992), 83 Ohio App.3d 700,702; King v. King (1992), 78 Ohio App.3d 599, 604. In making a division of marital property or a distributive award, the trial court is required to consider all nine factors listed in R.C. 3105.171(F) and make written findings of fact to support its determination. See, R.C. 3105.171(G).
Upon remand, the trial court adopted Plaintiff's Brief of January 10, 2001, as its written findings of fact to support its ordering a distributive award to husband, which relied on the following sections of R.C. § 3105.171:
 (E)(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
 (F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
* * *
 (9) Any other factor that the court expressly finds to be relevant and equitable.
In so doing, the trial court specifically found that Appellant-wife had engaged in financial misconduct and therefore compensated the offended spouse, Appellee-husband, with a distributive award having found that same was necessary in this case to create an equitable division.
Upon review of the findings of fact, the court finds ample evidence to support the trial court's order of a distributive award to husband, including but not limited to Appellant-wife's unauthorized use of convenience checks to obtain cash advances on Appellee-husband's Visa card in the amount of $6,438.24 and that Appellant-wife changed the mailing address on said visa account to a post office box without the knowledge or consent of her husband (January 10, 2001, Judgment Entry, P.4).
This Court finds no abuse of discretion in the ordering of a distributive award in favor of Appellee-husband in this matter.
Appellant's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, judgment entry of the Stark County Court of Common Pleas, Domestic Relations, is affirmed. Costs to Appellant.
Hon. W. Scott Gwin, P.J. Hon. John W. Wise, J. Hon. John F. Boggins concur.