OPINION
{¶ 1} Defendant-appellant, Marlene Bell-Gerkins, appeals from a Jefferson County Common Pleas Court judgment granting a divorce between her and plaintiffappellee, Jesse Gerkins.
 {¶ 2} Appellant and appellee were married in August 1991. No children were born as issue of the marriage. Throughout the course of the marriage, appellant and appellee resided in Steubenville at appellant's pre-marital residence, which she acquired through inheritance. Appellee filed for divorce in August 2002. At trial, appellee made no claim towards the real estate itself, acknowledging that it was premarital property, but sought reimbursement for remodeling and improvements to the real estate made during the marriage.
 {¶ 3} The trial court issued the decree of divorce on July 17, 2003. As to the home improvements, the court found that a new deck was constructed, on which the market value was not ascertained. It also noted that the parties borrowed $11,000 for home improvements and made other improvements not included in the loan. The court found a new electrical service had been installed for the home, but did not determine a market value for this improvement either. The court did determine that new kitchen appliances were purchased for $2,500.62, that new carpeting was purchased for $1,111.97, and that a new furnace was installed at a cost of $5,500. In total, the court found that approximately $9,400.00 worth of improvements occurred within the marital home during the term of the marriage. The court, however, did not order any reimbursement to appellee.
 {¶ 4} The court also examined appellee's pension. It determined that the pension would yield a monthly benefit substantially less than appellee's current wage. The court also noted that, because the pension is taxable, it would be reduced even further. The court then took into consideration the disparity of income between the two parties. Specifically, it noted that appellant's yearly income from disability compensation is $24,840 tax free, while appellee's yearly wages from Timet Corporation totaled $22,100 after taxes. Based upon these considerations, the court determined that it would be inequitable to order benefits earned by appellee to be paid to appellant, and therefore declined to distribute any portion of appellee's pension. In support of its decision, the court also made mention of appellant's $9,000 bank account that was co-mingled beyond recognition with martial funds.
 {¶ 5} Finally, the court determined that appellee's 401K plan was marital property, except for the portion earned after March 2, 2002. Accordingly, the court awarded appellant, by QDRO, one-half of the marital portion of the 401K.
 {¶ 6} Appellant filed her timely notice of appeal on August 4, 2003.
 {¶ 7} Appellant raises two assignments of error, the first of which states:
 {¶ 8} "The trial court committed reversible error in making a division of property which was not equitable, was against the manifest weight of the evidence and was an abuse of discretion."
 {¶ 9} Appellant begins by insinuating that the court was biased against her. Specifically, she notes the "tone" of the court on page one of the divorce decree. Appellant contends that the court mischaracterized marital expenditures as improvements, rather than maintenance. Furthermore, appellant continues, the real issue is the difference in value of the marital home from 1991, to the present. Regarding the value of the home after the expenditures, appellant alleges that appellee's own expert, Peter Polverini, admitted on cross-examination that the money spent on the house did not return itself. (Tr. 55-56). Additionally, appellant argues that Polverini also testified that their home did not increase in value as much as the other homes in the neighborhood even with the expenditures at issue. (Tr. 56).
 {¶ 10} A trial court has broad discretion in making divisions of property in domestic cases. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401, 696 N.E.2d 575. We will not reverse the trial court's decision absent an abuse of this discretion. Id. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} In a divorce action, the trial court must determine what property is marital and what property is separate. R.C.3105.171(B). Marital property generally includes, "income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. 3105.171(A)(3)(a)(iii). Upon making its determination, the court shall divide the marital property equitably between the spouses and disburse a spouse's separate property to that spouse. R.C. 3105.171(C)(D).
 {¶ 12} Appellant's argument and rationale here are not immediately clear. The trial court's judgment awarded appellant the full benefit of the $9,400 worth of improvement expenditures, which the court noted was probably a low estimate, without having to reimburse appellee for any of them. Appellant's contention seems to be that, because the value of the home did not increase significantly, the expenditures constitute maintenance rather than improvement, and therefore the $9,400 reflected in the court's property settlement should not be there at all.
 {¶ 13} As an initial matter, appellant misconstrues what Polverini testified to. Appellant contends that Polverini testified that the expenditures in question did not return themselves, and that the value of the house did not increase as much as that of other homes in the neighborhood. However, Polverini's answers were in response to questions regarding an average inflation rate for an average home. Therefore, as Polverini explained, the average inflation rate was not necessarily applicable to the house in question. (Tr. 54). Polverini also opined that the inflation rate for the subject neighborhood was probably lower than the average inflation rate, due to the construction of a highway system nearby. (Tr. 55).
 {¶ 14} On direct examination, Polverini testified that in 1991, appellant's house was worth approximately $47,000. (Tr. 43). He further testified that he appraised the house in 2003 and determined that it was worth $65,000. (Tr. 44). This appraisal took into consideration the numerous improvements to the house including the upgrading of electrical service, the new furnace, new carpet, and improvements to the kitchen. (Tr. 44-45, 56-57).
 {¶ 15} Given Polverini's testimony, the trial court had competent, credible evidence before it to determine that the expenditures made for the house increased its value, and therefore properly categorized them as improvements. And as we will further see in appellant's second assignment of error, the court's overall property distribution was equitable.
 {¶ 16} Additionally, a search of the record has revealed no evidence that the court was biased against appellant as she alleges. In her brief she points to the court's comment that, "Wife reports that she is disabled by reason of a back injury the effects of which are not apparent as she walks, talks and moves about the Courtroom. Her disability is too great to work in the Post Office but not so great as to prevent her from bouncing around in a boat on the Ohio River. She is disabled from employment but was not so disabled that she could not hook up her $17,000.00 boat and secret it to a new location upon being served with the Complaint in Divorce." While the "tone" of this comment may cast a negative light on appellant, as we have seen in this assignment of error and as we will see in appellant's second assignment of error, the court did not abuse its discretion in determining the property award in this case. It considered the testimony and evidence at trial and reached an equitable decision. Thus, had the court been biased against appellant, one would think it would have reached an inequitable judgment favoring appellee, which is not the case here.
 {¶ 17} Therefore, appellant's first assignment of error is without merit.
 {¶ 18} Appellant's second assignment of error states:
 {¶ 19} "The court abused its discretion in not determining the value of the property it divides."
 {¶ 20} Appellant first contends that the trial court abused its discretion by not awarding her with any portion of appellee's pension. Appellant argues that, pursuant to R.C.3105.171(A)(3)(a)(i) and (ii), a pension is clearly an asset subject to division upon divorce. Moreover, appellant notes that a vested pension plan accumulated during a marriage is a marital asset that the court must consider to arrive at an equitable property distribution. The trial court, appellant continues, stated that appellee's pension would yield a monthly benefit substantially less than his current wage. However, appellant argues, there was no evidence presented to the court to justify this statement. Additionally, she contends, while the court stated that the pension benefit would be taxable, reducing it even further, there was no evidence presented regarding tax consequences, tax brackets, or the expected income of the parties.
 {¶ 21} Appellant also urges that the court improperly used her income to decline an award of spousal support and to deny her any award of appellee's pension. Additionally, appellant continues, the court did not consider any of the factors found in R.C. 3105.18 in denying her spousal support.
 {¶ 22} Appellate courts should not review discrete aspects of the property division out of the context of the entire award.Baker v. Baker (1992), 83 Ohio App.3d 700, 702, 615 N.E.2d 699. Instead, we should consider whether the trial court's disposition of marital property as a whole resulted in a property division that was an abuse of discretion. Id.
 {¶ 23} The trial court explained its reasons for declining to award appellant a portion of appellee's pension as follows:
 {¶ 24} "Already, Husband's after tax income is less than Wife's and after his retirement this disparity will only grow. Under these circumstances awarding Wife Husband's future income is the same as ordering the party with lesser income to pay the party with greater income thus increasing the disparity even more. Further, Wife is leaving the marriage with a pre-marital home ($72,000.00) and Husband is leaving the marriage with virtually nothing. Under these circumstances it would be inequitable to order benefits earned by the lesser-paid party to be paid to the party who is already better paid and more financially secure. Husband's counsel said it best when he pointed out that Husband could not bring home what Wife receives staying home. For reasons of equity the Court declines to distribute any portion of the pension."
 {¶ 25} Additionally, the court declined to award appellant part of the pension because her inherited $9,000 bank account was co-mingled beyond recognition with marital funds, essentially losing its character as separate property. The court, however, chose not to make any award of the account to appellee.
 {¶ 26} Furthermore, the court took notice of the fact that appellee's after-tax income was less than appellant's tax-free income. The court stated that appellee's pension would likely yield a monthly benefit substantially less than his current wage. Employing this assumption, the court reasonably opined that the already apparent disparity between appellant's and appellee's wages would increase further after appellee is able to receive his pension benefits. This reasoning led the court to decide it would be inequitable to award pension benefits to appellant, who is already the greater-paid party. The court also considered that appellant's private $9,000 bank account was co-mingled beyond recognition with marital funds and that it did not award any of this account to appellee. Finally, the court's "Property Settlement" portion of the judgment entry reflects an already sizeable disparity between the net total awards for appellant and appellee. Appellant's net total was $14,900, while appellee's was only $7,700. Thus, appellant's total was nearly twice that of appellee's total.
 {¶ 27} In sum, the trial court did not abuse its discretion in denying appellant part of appellee's pension, as there were equitable grounds for the court's determination.
 {¶ 28} Appellant also contends that the trial court improperly denied her a spousal support award, stating that the court did not employ any of the factors set forth in R.C. 3105.18
in denying the award.
 {¶ 29} We review matters surrounding spousal support decisions for an abuse of discretion. Corradi v. Corradi, 7th Dist. No. 01-CA-22, 2002-Ohio-3011, at ¶ 51.
 {¶ 30} R.C. 3105.18(C)(1) sets out factors for the trial court to consider when determining whether spousal support is appropriate and reasonable. It includes such factors as the parties' incomes, their retirement benefits, the duration of the marriage, and the parties' relative assets and liabilities. R.C.3105.18(C)(1)(a)(d)(e)(i).
 {¶ 31} Although the court did not specifically enumerate these factors in its decision denying spousal support, the court, as we noted earlier, considered these factors in the entirety of its judgment. Specifically, the court noted the disparity between the two parties' incomes, stating that appellee received more money from her workers' compensation than appellant did from his employment. Additionally, as is apparent from the "Property Settlement" portion of the court's judgment, appellant's net total from assets and liabilities nearly doubled that of appellee. The trial court also noted the 11-year duration of the marriage. Moreover, the trial court considered the parties' retirement benefits and awarded appellant half of appellee's 401K. Therefore, we cannot conclude that the court abused its discretion in denying appellant spousal support.
 {¶ 32} In conclusion, we note that the trial court's goal in dividing marital property is to reach an equitable result.Fernbeck v. Fernbeck (Dec. 14, 2001), 7th Dist. No. 00-CA-276. In reviewing the court's property division as a whole, we conclude that it accomplished this goal. Appellee got to keep his pension. Appellant got to keep her commingled bank account. Appellant received half of the marital portion of appellee's 401K. Appellant received the benefit of the home improvements. Appellee does not have to pay spousal support. Given these distributions, the court acted within its discretion in fashioning an equitable property division. Appellant's second assignment of error therefore is without merit.
 {¶ 33} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.