OPINION *Page 2 
{¶ 1} Plaintiff-appellant Richard Ewart appeals from the May 31, 2006 Judgment Entry and Decree of Divorce issued by the Muskingum County Court of Common Pleas, Domestic Relations Division. Defendant-appellee Karla Ewart has filed a cross-appeal.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Richard Ewart and appellee Karla Ewart were married in May of 1987. Two children were born as issue of such marriage, namely, Joshua (DOB 6/9/90) and Abigail (DOB 6/9/90).
 {¶ 3} On October 12, 2004, appellant filed a complaint for divorce against appellee in the Muskingum County Court of Common Pleas, Domestic Relations Division. Appellee filed an answer and counterclaim on November 24, 2004.
 {¶ 4} Pursuant to a Judgment Entry filed on March 10, 2005, appellee was designated temporary residential parent and legal custodian of the minor children. As memorialized in a Judgment Entry filed on April 7, 2005, appellee was designated residential parent and legal custodian of the minor children and appellant was ordered to pay child support in the amount of $464.53 per month per child effective October 1, 2004. Appellee's request for temporary spousal support was denied.
 {¶ 5} Thereafter, a bench trial was held on June 30, 2005. Testimony was adduced at trial that appellant and appellee, both who are high school graduates with no post high school education, had been living with appellee's parents for over ten years and that they did not pay rent to her parents. At the trial, appellant, who was 42 years old and did not have any health problems, testified that he was employed by Waste Management as a driver and that he had a 401(k) plan through the company. Appellant *Page 3 
testified that he did not have any type of pension from Waste Management and that, in 2004, his gross pay was $64,853.39. Of the $64,853.39, appellant's regular earnings were $37,147.72 and his overtime was $21,535.32. Appellant earned $54,593.19 in 2003 and $50,346.90 in 2002. Appellant testified that he pays $36.22 a week for medical insurance, which also covers appellee, and that he pays $12.09 a week for dental insurance. The cost to cover just the minor children is $6.55 a week. He also testified that his income was likely to decrease because he could not continue working sixty (60) hours a week not including commuting time.
 {¶ 6} Appellant also testified that, as of June 21, 2005, his 401(k) plan had a balance of $56,989.24, but was subject to an outstanding loan with a balance of $2,225.16. According to appellant, the 401(k) plan was the parties' only major asset. Appellant testified that the parties had borrowed a total of $15,481.00 in January of 2001 from his 401(k) plan to pay off credit card debt and to purchase a van. Testimony was adduced that the loan is being repaid via wage withholding from appellant's pay. The following is an excerpt from appellant's trial testimony:
 {¶ 7} "Q. To the best of your knowledge, when you started contributing towards your 401(k), were you already married?
 {¶ 8} "A. No.
 {¶ 9} "Q. When did you start contributing towards your 401 (k)? When was that set up?
 {¶ 10} "A. It was set up around another plan.
 {¶ 11} "Q. Okay. *Page 4 
 {¶ 12} "A. It was a pension plan when I first had three years with the company, invested three years.
 {¶ 13} "Q. And when was that set up?
 {¶ 14} "A. 1986, when I was in Tulsa, Oklahoma.
 {¶ 15} "Q. And what became of that?
 {¶ 16} "A. It was rolled over into another account and the pension plan was dissolved and it was rolled into the current 401(k) plan.
 {¶ 17} "Q. And when did that happen?
 {¶ 18} "A. In 1995.
 {¶ 19} "Q. Okay. So do you believe that part of your 401(k) isn't marital, or you don't know?
 {¶ 20} "A. I'm not sure." Transcript at 59-60.
 {¶ 21} When asked what he wanted the trial court to do with the marital portion of his 401(k), appellant indicated that he wanted it distributed evenly. He further testified that he wanted the loan against the same to be split equally between the parties.
 {¶ 22} When questioned about his living expenses, appellant testified that he pays $500.00 a month in rent, an average of $40.00 a month for electric and an average of $58.00 a month for gas. Appellant submitted a budget to the trial court showing monthly expenses of $4,866.00.
 {¶ 23} Appellee, who was 40 years old, testified at trial that she rents an apartment for $415.00 a month, but that she anticipated paying $750.00 a month in the future to rent a house. Including electric, appellee pays $450.39 a month for her *Page 5 
apartment. Appellee submitted a budget to the trial court indicating that her anticipated future monthly expenses would be $3,614.12 a month.[1]
 {¶ 24} Appellee further testified she was a stay-at-home mother until February of 2004 and that she earns $9.50 an hour and averages 33 to 35 hours a week as a fitness technician at Curves. Appellee does not receive any type of retirement or other benefits. Appellee testified that she was unable to work 40 hours a week due to the children and also because there was no possibility of her getting more hours working at Curves. Testimony was adduced at trial that appellee has past experience working in an office and with computers.
 {¶ 25} Pursuant to a Judgment Entry and Decree of Divorce filed on May 31, 2006, the trial court ordered appellant to pay appellee spousal support in the amount of $1,000.00 a month for 36 months, effective June 1, 2006. The trial court also ordered appellant to pay appellee, who was designated the residential parent and legal custodian of the two children, child support in the amount of $363.86 a month per child. The trial court, after noting that no evidence had been presented regarding the tax benefits of the dependency exemption, also awarded appellee the tax exemption for the minor children.
 {¶ 26} Appellant now raises the following assignments of error on appeal:
 {¶ 27} "I. THE TRIAL COURT ERRED IN AWARDING SPOUSAL SUPPORT TO THE APPELLEE.
 {¶ 28} "II. THE TRIAL COURT ERRED IN THE CALCULATION OF CHILD SUPPORT. *Page 6 
 {¶ 29} "III. THE TRIAL COURT ERRED IN AWARDING THE TAX DEDUCTION TO THE APPELLEE."
 {¶ 30} Appellee has raised the following assignment on Cross-Appeal:
 {¶ 31} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO EQUALLY DIVIDE THE MARITAL RETIREMENT ASSETS OF THE PARTIES, SPECIFICALLY APPELLANT'S 401(k) PLAN, IN VIOLATION OF THE MANDATES OF § 3105.171 OF THE REVISED CODE."
 {¶ 32} For purposes of judicial economy, we shall address appellant's assignments of error out of sequence.
 II {¶ 33} Appellant, in his second assignment of error, argues that the trial court erred in calculating child support. We agree.
 {¶ 34} In Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of facts. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758, 1982 WL 2911. Accordingly, a judgment supported by some competent, credible evidence will not be reversed as being against *Page 7 
the manifest weight of the evidence. CE. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 35} Appellant specifically contends that the trial court used an incorrect income figure for appellee on the child support worksheet. We agree. The trial court, in the case sub judice, used an income figure for appellee of $8,522.00. However, appellee herself testified at trial that she works between 33 and 35 hours a week at $9.50 an hour. The trial court found that appellee averaged 34 hours a week, but determined her earning ability to be $8,522.00 annually. Multiplying 34 hours a week by $9.50 an hour by 52 weeks a year, this Court arrives at a figure of $16,796.00. Thus, we find that the trial court used an incorrect income figure for appellee in calculating child support.
 {¶ 36} Accordingly, we sustain appellant's second assignment of error, and remand the matter to the trial court to recalculate the child support award.
 I, III {¶ 37} Appellant, in his first assignment of error, argues that the trial court erred in awarding spousal support to appellee. Appellant, in his third assignment of error, argues the trial court should not have awarded appellee the dependency tax exemption for the parties' minor children.
 {¶ 38} An award of child support is a factor the trial court must consider in crafting a spousal support award. See R.C. 3105.18(C)(1)(i) and Ervin v. Ervin, Scioto App. No. 02CA12850, 2003-Ohio-3517, Par. 19. Based on our decision to remand this matter with respect to child support, the trial court must also reconsider, on remand, its *Page 8 
award of spousal support to appellee. See Glassner v. Glassner,160 Ohio App.3d 648, 2005-Ohio-1936, 828 N.E.2d 642.
 {¶ 39} Moreover, based on our disposition of appellant's second assignment of error, remanding this matter for reconsideration of appellant's child support obligations, we do not need to reach the merits of appellant's arguments regarding the dependency exemptions. See, for example, Lillo v. Lillo (May 27, 1994), Huron App. No. H-93-036, 1994 WL 236215.
 {¶ 40} Appellant's first and third assignments of error are, therefore, overruled as premature.
 CROSS-APPEAL {¶ 41} Appellee, in her sole assignment of error on cross-appeal, argues that the trial court erred by failing to equally divide appellant's 401(k) plan in violation of R.C. 3105.171. We agree that the trial court erred in failing to divide appellant's 401(k) plan between the parties.
 {¶ 42} The trial court, in its May 31, 2006 Judgment Entry and Decree of Divorce, after indicating that "[n]o evidence was presented regarding the premarital portion" of the same, found the 401(k) plan to be a marital asset. The court, however, did not divide the 401(k) plan between the parties.
 {¶ 43} When dividing real and personal property at a divorce, a trial court has the duty to equitably divide and distribute the marital property. R.C. 3105.171(B). As a general rule, the law requires that marital property be divided equally. See R.C. 3105.171(C)(1). If, however, an equal division would produce an inequitable result, the property of the parties must be divided in such a way as the domestic relations court *Page 9 
determines to be equitable. R.C. 3105.171(C), Baker v. Baker (1992),83 Ohio App.3d 700, 702, 615 N.E.2d 699.
 {¶ 44} Because the trial court, after finding the 401(k) plan to be a marital asset, failed to divide the same, we sustain appellee's sole assignment of error on cross-appeal.
 {¶ 45} Accordingly, the judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded to the trial court for further proceedings.
 By: Edwards, J. Hoffman, P.J. and Delaney, J. concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed in part and reversed and this matter is remanded to the trial court for further proceedings . Costs assessed 50% to appellant and 50% to appellee.
[1] The trial court, in its entry, states that appellee "asserts she will incur reasonable living expenses of $1,187.62 per month." However, the $1,187.62 figure only takes in account housing and utilities. *Page 1